BATISTA, APPELLANT, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Arecibo Finding Curable Defect.

No. 189.—Decided June 27, 1914.

GANANCIAL PROPERTY—PURCHASE BY SPOUSE—ORIGIN OF PURCHASE PRICE—CURABLE DEFECT.—In a deed of conveyance of real property executed in favor of one of the spouses it is not necessary to prove the origin of the purchase price of the property unless the deed shows an intention to treat the same as the private property of the purchaser, or the purchaser seeks to record the same as such and not as the property of the conjugal partnership.

ID.—PRIVATE PROPERTY OF SPOUSE—ORIGIN OF PURCHASE PRICE.—When one of the spouses acquires property during the wedlock as his own private property it must be stated in the deed of acquisition that the money with which the property was purchased belonged to him exclusively.

The facts are stated in the opinion.

*Mr. José de J. Tizol* for the appellant.

Mr. José Marcial López, the registrar, did not appear.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

By instrument No. 37, executed before Notary Enrique Campillo Abrams at Quebradillas on March 11, 1914, Manuel Batista y Mena, with the consent of his wife, conveyed a certain parcel of real estate to Josefa Badia y Saavedra, a married woman.

Upon recording this deed the registrar made the following note:

"The foregoing instrument is hereby recorded at folio 109, volume 3, of Quebradillas, property No. 174, recordation third, but with the curable defect that it does not appear that the price paid for the property acquired was the separate property of the purchaser."

Appellant seeks to reverse the ruling of the registrar and to have the instrument recorded without mention of the supposed defect. We are somewhat at a loss to account for the entry complained of unless it be due to an excess of zeal in applying to the present case the principle embodied in section 1322 of the Civil Code. It is not claimed by anyone that the real estate in question is the separate property of the purchaser, and there is nothing in the deed to suggest any intention whatsoever that it should be so regarded. Section 1322 of the Civil Code above referred to expressly provides that all the property of the spouses shall be considered as community property until it is proven that it belongs exclusively to the husband or to the wife. If, as in the case of *Feliu et al.* v. *The Registrar of Property,* 16 P. R. R., 728, the deed recites that the purchase is made by the wife and that the purchase price is paid by her out of her separate funds or out of the proceeds of certain of her separate property, and it clearly appears that the intention of the parties, and especially that of the purchasing spouse, is to treat the lands so acquired as the separate property of the purchaser and to have it so appear upon the record, then, as was held in that case, such an entry by the registrar is proper. But where, as in the present case, the deed does not disclose the remotest intention upon the part of anyone concerned to treat the subject-matter of the conveyance as the separate property of the acquiring spouse, failure to show that the purchase price was the separate property of the latter cannot reasonably be held to render the conveyance defective.

See also the case of *Del Valle* v. *The Registrar of Property,* quite similar to this, decided June 23, 1914.

The ruling of the registrar should be reversed and the entry complained of canceled upon the record.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.